UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOVANNY DIAZ RAMOS, ET AL** | * | **CIVIL NO. 12-0699** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **JACQUELINE S. CONWAY, ET AL** | * | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees filed by defendants on March 4, 2013.  [rec. doc. 40].  Oral argument was held on April 17, 2013, after which the undersigned denied the motions, with the exception of the issue regarding the medical records of plaintiff, Jose Alberto Marchado Ramirez ("Ramirez"), from Jose Magbag, D.C. ("Magbag").[1]  [rec. doc. 49].

Following further review of Magbag's deposition, the undersigned recommends that the motion be **DENIED**.

### Background

Plaintiffs, Jovanny Diaz Ramos ("Ramos"), Ramirez, and Javier Enriquez Castillo ("Castillo"), brought this action for damages allegedly sustained when their vehicle was involved in an accident with a semi-tractor and trailer owned by Hartt Transportation Systems, Inc. ("Hartt") and operated by Jacqueline S. Conway ("Conway") on Interstate 10 near Lafayette, Louisiana.  On March 20, 2012, plaintiffs filed suit against Hartt, Conway and their insurer, Canal Insurance Company ("Canal"), in this Court on the basis of diversity jurisdiction.

---

[1] The reasons for denying the remainder of the motion are stated on the record.

Plaintiffs are residents of Harris County, Texas.  Both Ramirez and Castillo were treated by Magbag, a chiropractor practicing in Houston, Texas, in connection with injuries allegedly sustained as a result of the accident.  Plaintiffs submitted Magbag's medical records to Canal both prior to suit and in response to discovery.

On January 24, 2013, defendants took Magbag's video deposition.  Prior to the deposition, defense counsel had subpoenaed a certified copy of Magbag's medical records.  Magbag produced copies of the certified medical regards of Javier Enriquez (Castillo) and Jose Machado (Ramirez) at the deposition.  [rec. doc. 40, Exhibit 10, p. 9].

During the deposition, defense counsel showed Magbag the records which had been submitted by plaintiff counsel regarding Ramirez's treatment.  When comparing certain records obtained from plaintiff's counsel with the certified records from Magbag's office, Magbag testified that some of them were "different." [Exhibit 10, pp. 53-56; 58-60; 65-72; 74-76; 78-84, 87-93, 106, 109-10, 113-14].  He also testified that some of the signatures, handwriting and patient initials were not the same.  [Exhibit 10, pp. 80-81, 83-84, 89-91, 93-95, 103, 106-08, 110-11].  Magbag had no explanation as to why these reports were different. [Exhibit 10, p. 101].  These medical reports are not in the record; thus, the undersigned was unable to review and compare them.[2]

At this point, the evidence is insufficient to conclude that Magbag's records deliberately were falsified by plaintiff or on his behalf.  Accordingly, the undersigned recommends that the

---

[2]Although the deposition indicates that pages from the medical records were attached as exhibits, they were not included in the submission to the Court.

motion be **DENIED**.[3]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed May 2, 2013, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 5/2/2013
By: MBD

---

[3] If evidence shows that these medical records were indeed falsified, then the undersigned would have no problem recommending dismissal of plaintiff's claims.

3