RECEIVED

JUN 1 0 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOVANNY DIAZ RAMOS, ET AL. | CIVIL ACTION NO. 12-0699 |
| VERSUS | JUDGE DOHERTY |
| CANAL INS. CO., ET AL. | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING AND ORDER**

Pending before the Court are two matters in the above-captioned case: (1) the Report and Recommendation of the magistrate judge, in which the magistrate judge recommends the "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees" [Doc. 40] filed by defendants Canal Insurance Co., Jacqueline Conway, and Paul Conway (hereinafter, "defendants") be denied; and (2) the "Motion to Alter or Amend Judgment of Dismissal" [Doc. 54] filed by defendants.

In the first matter, the gist of the underlying motion addressed by the Report and Recommendation is that defendants allege certain medical records in this matter have been falsified by plaintiff Jose Alberto Ramirez ("Ramirez"). Defendants seek dismissal, however, of the claims of *all* of the plaintiffs on this basis, or alternatively, seek "sanctions and attorney's fees," and that "*plaintiffs* [plural] be found in contempt of court and punished accordingly." The magistrate judge denied the motion on the grounds the pages from the medical records that were allegedly falsified were not attached as exhibits to the motion and, therefore, could not be examined and evaluated. Nevertheless, the magistrate judge noted in a footnote that "[i]f evidence shows that these medical

records were indeed falsified, then the undersigned would have no problem recommending dismissal of plaintiff's claims."[1] In their Objection [Doc. 57] to the magistrate judge's report, the defendants now attach the documents they allege will prove falsification of medical records by Ramirez. Plaintiffs have filed a Response to the defendants' Objection [Doc. 62].

The second matter before the Court is the "Rule 41 Motion to Dismiss" [Doc. 52] filed by plaintiff Ramirez, who sought to voluntarily dismiss all of his claims in this matter pursuant to Rule 41 of the Federal Rules of Civil Procedure. Ramirez filed his motion to dismiss while the inquiry into falsification of medical records was pending before the magistrate judge. The proposed order attached to the motion was silent as to whether Ramirez's claims should be dismissed with or without prejudice. The motion was docketed as a "joint" motion by the parties, thus, the proposed order was submitted to the Court as a joint motion and was signed as submitted. Consequently, Ramirez's claims were dismissed without a designation as to prejudice. Defendants have, now, filed a "Motion to Alter or Amend the Judgment of Dismissal" [Doc. 54], asking that the Order dismissing Ramirez's claims be amended to reflect a dismissal *with* prejudice. The delays for responding to this motion have passed, and Ramirez has not opposed the motion.

The foregoing matters are now before the Court, which issues the following ruling.

I.  **Factual Background and Procedural History**

The factual and procedural background are set forth in the magistrate judge's Memorandum Ruling and are hereby incorporated by reference *in toto*. In summary fashion, the pertinent facts are as follows:

> Plaintiffs, Jovanny Diaz Ramos ("Ramos"), Ramirez, and Javier Enriquez Castillo ("Castillo"), brought this action for damages allegedly sustained when their

---

[1] *See* Report and Recommendation, Doc. 51, at p. 3, n.3.

vehicle was involved in an accident with a semi-tractor and trailer owned by Hartt Transportation Systems, Inc. ("Hartt") and operated by Jacqueline S. Conway ("Conway") on Interstate 10 near Lafayette, Louisiana. On March 20, 2012, plaintiffs filed suit against Hartt, Conway and their insurer, Canal Insurance Company ("Canal"), in this Court on the basis of diversity jurisdiction.

Plaintiffs are residents of Harris County, Texas. Both Ramirez and Castillo were treated by Magbag, a chiropractor practicing in Houston, Texas, in connection with injuries allegedly sustained as a result of the accident. Plaintiffs submitted Magbag's medical records to Canal both prior to suit and in response to discovery. On January 24, 2013, defendants took Magbag's video deposition. Prior to the deposition, defense counsel had subpoenaed a certified copy of Magbag's medical records. Magbag produced copies of the certified medical regards of Javier Enriquez (Castillo) and Jose Machado (Ramirez) at the deposition. [rec. doc. 40, Exhibit 10, p. 9].

During the deposition, defense counsel showed Magbag the records which had been submitted by plaintiff counsel regarding Ramirez's treatment. When comparing certain records obtained from plaintiff's counsel with the certified records from Magbag's office, Magbag testified that some of them were "different." [Exhibit 10, pp. 53-56; 58-60; 65-72; 74-76; 78- 84, 87-93, 106, 109-10, 113-14]. He also testified that some of the signatures, handwriting and patient initials were not the same. [Exhibit 10, pp. 80-81, 83-84, 89-91, 93-95, 103, 106-08, 110-11]. Magbag had no explanation as to why these reports were different. [Exhibit 10, p. 101]. These medical reports are not in the record; thus, the undersigned was unable to review and compare them.

At this point, the evidence is insufficient to conclude that Magbag's records deliberately were falsified by plaintiff or on his behalf. Accordingly, the undersigned recommends that the motion be DENIED.[2]

Despite denying the motion, the magistrate judge noted in a footnote that "[i]f evidence shows that these medical records were indeed falsified, then the undersigned would have no problem recommending dismissal of plaintiff's claims."[3]

The second motion, to alter or amend the judgment, has not been referred to the magistrate judge.

---

[2] *See* Report and Recommendation, Doc. 51, at pp. 1-3.

[3] *Id.* at p.3, n.3.

3

II.    **Law and Analysis**

    A.    **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

    B.    **Analysis**

        1.    **Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees [Doc. 40]**

The magistrate judge denied the "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys' Fees," in essence, because defendants had not supplied the allegedly falsified medical records in question, and, therefore, he could not make a finding as to whether the medical records were falsified by Ramirez. However, since the filing of the Report and Recommendation, the defendants have submitted the confidential medical records to the Court for an *in camera* review to determine the issue of falsification. The magistrate judge had indicated if the evidence shows the medical records were indeed falsified, he would "have no problem recommending dismissal of the *plaintiff's* claims."

Notwithstanding defendants' manner of putting the alleged falsified records before this Court, the medical records in question are now available to the Court for review. Consequently, rather than adopting the Report and Recommendation of the magistrate judge and all having to suffer through the process yet again, this Court declines to adopt the recommendation of the magistrate judge with

4

respect to the "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees" [Doc. 40], rather, REMANDS the motion to the magistrate judge for further consideration in light of the now produced medical records. This Court, also, instructs the magistrate judge to address whether the records are, even at this point, procedurally before the Court.[4]

On remand, the magistrate judge is also asked to address the issue of dismissal and/or contempt *vis-a-vis* each plaintiff pursuant to the motion actually before this Court. The defendants seek dismissal of *all* of the plaintiff's claims, and apparently seek a contempt finding and sanctions against *all* of the plaintiffs,[5] a finding plaintiffs Ramos and Castillo oppose on grounds the alleged actions of Ramirez should not be imputed to them in the absence of any allegations they falsified records. In his Report and Recommendation, the magistrate judge denied the motion to dismiss "the plaintiff's claims," appearing to indicate the magistrate judge considered only the dismissal of *Ramirez's* claims on grounds of falsification of medical records. It is unclear to this Court whether, and to what extent, the actual motion before this Court requests *all* of the plaintiffs be held in contempt (and have their claims dismissed) for any falsification found or if it addresses all claims of only one plaintiff, Ramirez. On remand, the Court requests the magistrate judge address this issue and clarify, both the intent of the motion and any Report and Recommendation which might issue.

---

[4] The evidence in question has not been filed into the record and is, therefore, attached as Exhibit A to the instant Memorandum Ruling, but not accepted by this Court as being properly before the Court.

[5] The prayer for relief contained in defendant's original motion states:

> For the foregoing reasons and the reasons stated in the motion, defendants respectfully request that the *claims of plaintiffs* herein be dismissed and that sanctions and attorneys['] fees be awarded in favor of defendants and *against plaintiffs*, and that *plaintiffs* be found in contempt of court and punished accordingly.

Doc. 40, p. 6 (emphasis added)..

## 2. Motion to Alter or Amend Judgment of Dismissal [Doc. 54]

The second motion at issue remains with this Court and had not been referred to the magistrate judge for Report and Recommendation. To recap, while the motion alleging falsification of medical records was pending before the magistrate judge, Ramirez unilaterally and voluntarily sought to dismiss all of his claims in this matter by filing a "Rule 41 Motion to Dismiss" [Doc. 52]. The motion was docketed as a "joint" motion by the Clerk of Court and, thus, was presented as such to this Court. When he filed his motion to dismiss, Ramirez attached a proposed order of dismissal, which was silent as to whether the dismissal was with or without prejudice.[6] The Court received Ramirez's motion to dismiss as a joint motion. Therefore, the order was signed as submitted.

Thereafter, defendants argued the motion was, in fact not joint, and filed the second motion at issue, the "Motion to Alter or Amend Judgment of Dismissal" [Doc. 54], in which defendants argue they did not join Ramirez's motion to dismiss and, in fact, were not aware the motion had been

---

[6] The circumstances leading up to the filing of Ramirez's motion to dismiss are as follows, as set forth in the defendants' unopposed motion:

> On April 17, 2013, in open court, Magistrate Judge Hill ordered plaintiff, Jose Alberto Machado Ramirez ("Ramirez") to provide available dates for his deposition and further ordered that undersigned defense counsel be compensated prior to the deposition due to Ramirez's prior failure to appear for his deposition. Following that hearing, on April 17, 2013, undersigned counsel for defendants proposed three dates for Ramirez's deposition to be held in Lafayette, Louisiana. On April 22, 2013, plaintiff's counsel responded that he was unavailable on any of the three suggested dates and requested additional dates. On that same date, undersigned counsel responded with additional available dates. On April 23, 2013, plaintiff's counsel responded requesting that the deposition be scheduled on May 8, 2013. On April 26, 2013, undersigned counsel confirmed the deposition on the date requested by plaintiff's counsel. See correspondence attached as Exhibit "A". On May 2, 2013, undersigned counsel received a letter from Ramirez's counsel advising that Ramirez could not appear for his deposition and seeking to accept a settlement offer made by defendant s approximately sixteen months earlier. On May 3, 2013, in response, undersigned counsel informed plaintiff's counsel that she intended to proceed with the deposition and any earlier offers were no longer valid, particularly in light of information that had been discovered since that time in discovery which revealed that the claims herein appear to be fraudulent in nature. See correspondence attached as Exhibit "B". On May 6, 2013, plaintiff's counsel filed with this Court a Rule 41 Motion to Dismiss, and on May 8, 2013, Ramirez failed to appear for the scheduled deposition.

See Motion to Alter or Amend Judgment of Dismissal, Doc. 54, pp. 1-2.

filed until their attorney received email notification from this Court of the filing. Defendants filed a motion asking the order of dismissal with respect to Ramirez's claims be amended to reflect that the dismissal is with prejudice.[7]

The defendants are correct that Ramirez is not entitled to a unilateral voluntary dismissal *without prejudice* once the defendant had filed an answer in the lawsuit, and this Court agrees that had the motion not been presented as it was, the Court would have inquired as to the issue of prejudice before signing the Order. Consequently, the judgment, as presented and signed, contains an error, perhaps of law.

Notwithstanding the foregoing, the defendants again, do not provide their basis in law for the relief they now seek, either statutory or jurisprudential. Indeed, while there are mechanisms by which this Court could alter or amend the May 9, 2013 Order of Dismissal, the defendants' motion is silent as to how to achieve that result and whether as to the actual result desired, which procedural mechanism is being utilized. Furthermore, given the motion to dismiss, *with prejudice* that is pending before the magistrate judge with respect to the alleged falsification of medical records, this Court has question as to whether the voluntary order of dismissal is a proper procedural vehicle in and of itself. Although this Court is aware that in certain circumstances, the Court may retain jurisdiction to sanction a party once that party's claims have been dismissed from the lawsuit, again, the defendants have not cited this Court to any authority for that proposition or addressed what, if any, procedural impact the granting of their motion to alter or amend the voluntary judgment of

---

[7] Rule 41(a), which governs voluntary dismissals, provides that, after an answer has been filed, a party may voluntarily dismiss his claims only by court order, and unless the order states otherwise, **a dismissal in this circumstance is without prejudice.** *See, e.g.., Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). (emphasis added). Because the order was submitted under Rule 41(a)(2) was presented as joint, and was silent as to prejudice, the dismissal was without prejudice.

dismissal might have on their motion to dismiss with prejudice now remanded to the magistrate judge for further inquiry. It is clear the defendants continue to pursue their charge of falsification of medical records against Ramirez – as evidenced by the filing of their Objection to the magistrate judge's report and recommendation – yet the defendants do not address the issue of whether and to what extent a party might be sanctioned or held in contempt – should any sanctions be found warranted – if the claims against that party have been dismissed with prejudice pursuant to a motion couched under Rule 41.

Considering the foregoing, the "Motion to Alter or Amend Judgment of Dismissal" [Doc. 54] is DENIED AS MOOT, and the Court's Order of Dismissal [Doc. 53] is VACATED pursuant to Rule 60(a).[8] Ramirez's "Rule 41 Motion to Dismiss" [Doc. 52] is hereby REFERRED to the magistrate judge for report and recommendation in conjunction with the pending "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees" [Doc. 40], the two matters having possible overlap and common issues of law and fact in question.

### III. Conclusion

Considering the foregoing, IT IS ORDERED that this Court declines to adopt the recommendation of the magistrate judge with respect to the "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees" [Doc. 40], but rather, REMANDS the motion to the

---

[8] Rule 60(a) states:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed.R.Civ.P. 60(a).

magistrate judge for further consideration, including a determination of whether the medical records in question were falsified by any party, if possible.[9] On remand, the magistrate judge is asked to address the issue of dismissal and/or contempt *vis-a-vis* each plaintiff, as described in this Ruling.

IT IS FURTHER ORDERED that the "Motion to Alter or Amend Judgment of Dismissal" [Doc. 54] is DENIED AS MOOT, and the Court's Order of Dismissal [Doc. 53] is VACATED pursuant to Rule 60(a).[10] Ramirez's "Rule 41 Motion to Dismiss" [Doc. 52] is hereby REFERRED to the magistrate judge for report and recommendation in conjunction with the pending "Motion to Dismiss All Claims and for Contempt, Sanctions and Attorney's Fees" [Doc. 40].

THUS DONE AND SIGNED in Lafayette, Louisiana, this __10__ day of June, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE: 6-11-13
BY: CM
TO: CMH/mbd

---

[9] Again, this Court notes the evidence in question has not been filed into the record and is, therefore, merely attached as Exhibit A to the instant Memorandum Ruling.

[10] Rule 60(a) states:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed.R.Civ.P. 60(a).