UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOVANY DIAZ RAMOS, ET AL | * | CIVIL NO. 12-0699 |
| VERSUS | * | JUDGE DOHERTY |
| JACQUELINE S. CONWAY, ET AL | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION ON RECONSIDERATION

This matter was referred to the undersigned for Report and Recommendation pursuant to Judge Doherty's Memorandum Ruling and Order dated June 10, 2013. [rec. doc. 63, 64]. Pending before the undersigned are: (1) Reconsideration of the Report and Recommendation dated May 2, 2013 [rec. doc. 51], on the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees filed by defendants, Jacqueline S. Conway, Canal Insurance Co. and Paul Conway, on March 4, 2013 [rec. doc. 40], and (2) Report and Recommendation on the Rule 41 Motion to Dismiss filed by plaintiff, Jose Alberto Machado Ramirez, on May 6, 2013 [rec. doc. 52].

For the following reasons, I recommend that the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40] be **DENIED AS MOOT** as to Jose Alberto Ramirez; that the Motion [rec. doc. 40] be **DENIED** as to Jovany Diaz Ramos and Javier Enriquez Castillo, and that the Rule 41 Motion to Dismiss be **GRANTED**, and that all claims filed by Jose Alberto Ramirez be **DISMISSED WITH PREJUDICE**.

## Procedural History

On March 4, 2013, defendants filed a Motion to Dismiss all Claims and for Contempt, Sanctions and Attorneys Fees against plaintiffs, Jovany Diaz Ramos ("Ramos"), Jose Alberto

Ramirez ("Ramirez") and Javier Enriquez Castillo ("Castillo"). [rec. doc. 40]. As relief, defendants sought dismissal of all three plaintiffs' claims. Plaintiffs opposed the motion. [rec. docs. 47, 50].

On April 17, 2013, the undersigned held a hearing on the motion. At the hearing, the undersigned denied the motion, with the exception of the issue regarding Ramirez's medical records from Jose Magbag, D.C. [rec. doc. 49]. On May 2, 2013, I issued a Report and Recommendation in which I recommended that the motion be denied as to Ramirez. [rec. doc. 51].

On May 6, 2013, Ramirez filed a Rule 41 Motion to Dismiss, which did not specify whether the dismissal was to be with or without prejudice. [rec. doc. 52]. On May 9, 2013, Judge Doherty signed the Order as submitted. [rec. doc. 53]. On May 13, 2013, defendants filed a Motion to Alter or Amend Judgment of Dismissal seeking a dismissal with prejudice as to Ramirez's claims. [rec. doc. 54].

On May 15, 2013, defendants filed an Objection to the Report and Recommendation issued by the undersigned. [rec. doc. 57]. Plaintiffs opposed the objection. [rec. doc. 62].

On June 10, 2013, Judge Doherty issued a Memorandum Ruling and Order, in which she remanded the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees for further consideration. [rec. docs. 63, 64]. Additionally, Judge Doherty referred Ramirez's Rule 41 Motion to Dismiss [rec. doc. 52] to the undersigned for report and recommendation in conjunction with the pending Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees. Judge Doherty further denied as moot the Motion to Alter or Amend Judgment

of Dismissal. [rec. doc. 54]

On June 26, 2013, the undersigned held a telephone conference on the record. [rec. doc. 67]. During that conference, plaintiffs' attorney, Lawrence Centola, confirmed that plaintiff Ramirez had no objection to Ramirez's case being dismissed *with* prejudice. Defense counsel, Candice Hattan, also stated that she had no objection to Ramirez's case being dismissed with prejudice.

## Analysis

In the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40], defendants sought the dismissal of all plaintiffs pursuant to Fed.R.Civ.P. 37. [rec. doc. 58, Official Transcript, p. 9]. At the hearing, the undersigned specifically addressed the motion as to each plaintiff.

As to plaintiff Castillo, defendants argued that Castillo violated the Court's Order to provide his social security number in response to discovery. [Tr. 11]. Plaintiffs' attorney, Mr. Centola, indicated that Castillo did not have a social security number. Accordingly, the undersigned denied the motion as to Castillo, which reasons are stated on the record. [Tr. 11-14].

Additionally, defendants raised an issue regarding the alleged alter ego of Castillo. [Tr. 15]. However, the undersigned found that the evidence was insufficient to support this argument, which reasons are stated on the record. [Tr. 20].

Regarding plaintiff Ramos, defendants asserted that Ramos had allegedly stolen the identity of a Jovany Diaz Ramos who lives in Florida. [Tr. 20]. However, the undersigned

found insufficient evidence that an actual fraud had been perpetrated. [Tr. 21-25]. Accordingly, I denied the motion as to Ramos, which reasons are stated on the record. [Tr. 21-25].

As to plaintiff Ramirez, defendants argued that his medical records from Jose Magbag, D.C., appeared to be falsified. [Tr. 18–19]. The undersigned deferred ruling on this portion of the motion until after I had re-reviewed Dr. Magbag's records. [Tr. 28]. After reviewing the records, I found insufficient evidence to conclude that these records had been deliberately falsified by plaintiff or on his behalf. Accordingly, I issued a Report and Recommendation recommending that the motion be denied. [rec. doc. 51].

After Judge Doherty issued the Memorandum Ruling and Order, the undersigned held a telephone conference on the record. During that conference, plaintiffs' attorney, Mr. Centola, confirmed that plaintiff Rimirez had no objection to Ramirez's case being dismissed *with* prejudice. Defense counsel, Ms. Hattan, also stated that she had no objection to Ramirez's case being dismissed with prejudice.

Based on the agreement of counsel, I recommend that Ramirez's Rule 41 Motion [rec. doc. 52] be **GRANTED**, and that all claims filed by Ramirez be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the order of dismissal be **DEFERRED** until after the undersigned's ruling on the Motion for Contempt of Court filed by defendants on May 23, 2013, regarding Ramirez's failure to appear for his deposition [rec. doc. 60], which hearing is set for July 17, 2013. This recommendation is made so as to avoid any issue of

jurisdiction to adjudicate the pending Motion for Contempt.

**IT IS FURTHER** recommended that the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40] be **DENIED** as to Ramos and Castillo for the reasons stated on the record and set forth above.

**IT IS FURTHER** recommended that the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40] be **DENIED AS MOOT** as to Ramirez.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D**

**1415 (5TH CIR. 1996).**

Signed July 1, 2013, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 7/1/2013
By: MBD