UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOVANNY DIAZ RAMOS, ET AL | * | CIVIL NO. 12-0699 |
| VERSUS | * | JUDGE DOHERTY |
| JACQUELINE S. CONWAY, ET AL | * | MAGISTRATE JUDGE HILL |

## CERTIFICATION OF FACTS CONCERNING MOTION FOR CONTEMPT

Pending before the undersigned are the Motion for Award of Costs and Attorneys Fees filed by defendants, Canal Insurance Co., Jacqueline S. Conway, and Paul Conway (collectively, "defendants") [rec. doc. 59], and defendants' Motion for Contempt of Court [rec. doc. 60], filed on May 23, 2013. In these motions, defendants request that plaintiff, Jose Alberto Ramirez ("Ramirez"), be sanctioned and held in contempt for not appearing for his deposition, not paying the attorneys fees awarded to defense counsel, M. Candice Hattan ("Hattan"), prior to the deposition and for alleged fraudulent discrepancies in the medical records of Ramirez with Dr. Jose Magbag.[1]

For the reasons stated on the record and set forth below, the undersigned hereby **CERTIFIES** the following facts to Judge Doherty.

## STATUTORY AUTHORITY TO INITIATE CIVIL CONTEMPT PROCEEDINGS

A magistrate judge lacks the power to adjudicate contempt proceedings. *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Pursuant to 28 U.S.C. § 636(e), a magistrate may

---

[1] In the Minutes of Hearing and Order [rec. doc. 70], the undersigned Ordered that defendants notify the Court by pleading whether they intend to proceed with the Motion for Contempt for the fees incurred in discovering the alleged fraudulent discrepancies in the medical records of Jose Alberto Ramirez with Dr. Magbag by September 1, 2013.

only certify to the district court (or deny certification of) facts possibly constituting contempt.

*Id*. Section 636(e) provides, in pertinent part, as follows:

> (6) Certification of other contempts to the district court. – Upon the commission of any such act –
>
> ***
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where --
>
> ***
>
> (iii) the act constitutes a civil contempt,
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

## **CERTIFICATION OF FACTS**

Accordingly, the following facts supported by the record are certified to Judge Doherty.

On October 18, 2012, the undersigned issued a Ruling on Motion to Compel and Order which stated as follows:

> The parties agreed that all three plaintiffs will be deposed in Houston, Texas, on the same day. If one of the plaintiffs does not appear as scheduled, then that plaintiff shall be redeposed at plaintiffs' cost.

[rec. doc. 33].

On March 4, 2013, defendants filed a Motion to Dismiss All Claims and for Contempt, Motion for Sanctions, Motion for Attorneys Fees [rec. doc. 40]. The undersigned held a

2

hearing in open court on April 17, 2013, in which I denied the motion with the exception of the issue regarding the medical records of plaintiff, Jose Alberto Ramirez ("Ramirez"), with Dr. Jose Magbag ("Magbag"). [rec. doc. 49]. I further ordered that the parties select a date and time for the deposition of Ramirez and that Ramirez be ordered to appear for his deposition. I further ordered that defense counsel, M. Candice Hattan ("Hattan"), be compensated in the amount of $1,000.00 prior to Ramirez's deposition.

On May 2, 2013, I issued a Report and Recommendation in which I recommended that the motion [rec. doc. 40] be denied as to Ramirez regarding his medical records with Dr. Magbag. [rec. doc. 51]. Defendants filed an Objection to the Report and Recommendation on May 15, 2013. [rec. doc. 57].

On May 23, 2013, defendants filed the instant Motion for Award of Costs and Attorneys Fees [rec. doc. 59] and Motion for Contempt of Court [rec. doc. 60].

On June 10, 2013, Judge Doherty issued a Memorandum Ruling and Order, in which, among other things, she remanded for further consideration the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees as to Ramirez on the medical records issue. [rec. docs. 63, 64].

On July 1, 2013, the undersigned issued a Report and Recommendation on Reconsideration, in which, among other things, I recommended that the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40] be denied as moot as to Ramirez on the medical records issue.

On July 17, 2013, I held oral argument in open court on defendants' Motion for Award of Costs and Attorneys Fees [rec. doc. 59] and Motion for Contempt of Court [rec. doc. 60]. In the Motion for Contempt of Court, defendants sought an order holding Ramirez in contempt of court for failure to appear for his deposition and his failure to pay the attorneys fees to Hattan as ordered by the undersigned at the hearing on April 17, 2013. Defendants further requested an award of costs and attorneys fees incurred in discovering the fraudulent discrepancies in the medical records of Ramirez with Dr. Magbag, the deposition of Dr. Magbag and preparation for plaintiff's deposition.

Ramirez's deposition was scheduled for May 8, 2013. [rec. doc. 59, Exhibit A; rec. doc. 60, Exhibit A]. Ramirez did not appear for the deposition. Additionally, Hattan did not receive prepayment of the $1,000.00 in attorney's fees as ordered by the undersigned on April 17, 2013.

## CERTIFICATION AND RECOMMENDATION

The Court finds that the Order of April 17, 2013, in which the Court ordered that Ramirez appear for his deposition, and that Hattan be compensated in the amount of $1,000.00 prior to Ramirez's deposition, was in existence and specific. The facts that Ramirez failed to appear for his deposition and failed to pay defense counsel the award of costs prior to the deposition are not in dispute. Accordingly, the undersigned **FINDS AND CERTIFIES** that a definite, specific order existed that required Ramirez to appear for his deposition, and that Ramirez, who was subject to the order, failed to appear, failed to compensate Hattan prior to the deposition, and failed to do all that he could reasonably do to comply with the Order.

The undersigned therefore **FINDS AND CERTIFIES** pursuant to 28 U.S.C. § 636(e)(6)(B) that it is appropriate for Ramirez to appear before Judge Doherty upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified.

In view of the Certified Facts, the undersigned **RECOMMENDS** that Judge Doherty require Ramirez to appear before her to show cause why he should not be adjudged in contempt. Appropriate sanctions should include $1,600.00 in attorney's fees payable defense counsel, M. Candice Hattan, as a civil contempt remedy.

**IT IS ORDERED** that the plaintiff shall effect personal service of this Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6) and Recommendation on Ramirez **by August 15, 2013**, and provide proof of that service to the court **by August 22, 2013.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME**

AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed July 26, 2013, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  7/26/2013
By:  MBD