UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOVANNY DIAZ RAMOS, ET AL | * | CIVIL NO. 12-0699 |
| VERSUS | * | JUDGE DOHERTY |
| JACQUELINE S. CONWAY, ET AL | * | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION</u>

For the reasons set out below, it is the recommendation of the undersigned that the claims of plaintiff, Javier Enriquez Castillo, be **DISMISSED WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41.

<u>Background</u>

Plaintiffs, Jhovany Diaz Ramos ("Ramos"), Jose Alberto Ramirez ("Ramirez"), and Javier Enriquez Castillo ("Castillo"), who were asserted to be residents of Harris County, Texas, brought this action for damages allegedly sustained when their vehicle was involved in an accident with a semi-tractor and trailer owned by Hartt Transportation Systems, Inc. ("Hartt") and operated by Jacqueline S. Conway ("Conway") on Interstate 10 near Lafayette, Louisiana.  On March 20, 2012, plaintiffs filed suit against Hartt, Conway and their insurer, Canal Insurance Company ("Canal"), in this Court on the basis of diversity jurisdiction.[1]

---

[1] By Order entered May 15, 2012, Judge Doherty dismissed plaintiffs' claims against Hartt without prejudice.  [rec. doc. 12].

On March 4, 2013, defendants filed a Motion to Dismiss all Claims and for Contempt, Sanctions and Attorneys Fees against Ramos, Ramirez and Castillo. [rec. doc. 40].[2] In that Motion to Dismiss [rec. doc. 40], defendants sought the dismissal of all plaintiffs pursuant to Fed.R.Civ.P. 37.

As to plaintiff Castillo, defendants argued that Castillo violated the Court's Order to provide his social security number in response to discovery. [rec. doc. 58, Transcript, p. 11]. Plaintiffs' attorney, Mr. Centola, indicated that Castillo did not have a social security number. Accordingly, the undersigned denied the motion as to Castillo. [Tr. 11-14].

Additionally, defendants raised an issue regarding the alleged alter ego of Castillo. [Tr. 15]. However, the undersigned found that the evidence was insufficient at that time to warrant the remedy of dismisssal. [Tr. 20].

By Report and Recommendation dated July 1, 2013 [rec. doc. 68], the undersigned recommended that the Motion to Dismiss All Claims and for Contempt, Sanctions and Attorneys Fees [rec. doc. 40] be denied as to Ramos and Castillo. By Judgment dated August 8, 2013 [rec. doc. 77], Judge Doherty adopted the Report and Recommendation and denied the Motion to Dismiss [rec. doc. 40].

On June 16, 2014, plaintiffs' counsel, Lawrence J. Centola, III ("Centola"), Neil F. Nazareth, Jason Z. Landry, and Martzell & Bickford, filed a Motion to Withdraw as Counsel. [rec. doc. 92]. By Order Setting Motion hearing dated June 20, 2014, the undersigned ordered that the Motion to Withdraw be set for hearing on July 2, 2014, and that the attorneys "shall be

---

[2] By Judgment dated August 8, 2013, Judge Doherty dismissed all claims filed by Ramirez with prejudice. [rec. doc. 77].

present in Court with their clients." [rec. doc. 95].

By separate Order dated July 2, 2014, the undersigned set a status conference prior to the hearing on the Motion to dismiss, and ordered that "counsel and all individual plaintiffs appear **in person** at the status conference." [rec. doc. 96]. The Order further ordered that Centola "give notice to all plaintiffs of the status conference and the hearing date on the Motion to Withdraw as Counsel [rec. doc. 92]." Again, the undersigned ordered that "[p]laintiffs' attorneys shall be present in Court for the hearing with their clients."

By Order dated June 26, 2014, the undersigned ordered the Clerk of Court to send notice of the status conference and the hearing on the Motion to Withdraw as counsel to Ramon Noyola, Esq., Ramos and to Castillo by mail. [rec. doc. 98]. The Notices were sent by the Clerk via certified mail on June 26, 2014. [rec. doc. 99].

At the hearing on July 2, 2014, neither Ramos nor Castillo appeared as ordered by the undersigned.[3]

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) provides as follows:

Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

---

[3] On May 27, 2014, defendants filed a Motion to Dismiss, or Alternatively, for Summary Judgment, seeking dismissal of all claims filed by Ramos. [rec. doc. 90]. That Motion is set for hearing before Judge Haik on July 17, 2014. [rec. doc. 91]. It is unopposed.

3

Here, Castillo has repeatedly violated Orders of this Court to appear in person, including the Order Setting the hearing on the Motion to Withdraw [rec. doc. 95] and the Order setting a status conference [rec. doc. 96]. At the hearing, Mr. Noyola (who was retained by the plaintiffs and who engaged Mr. Centola as local counsel) informed the Court that he had only occasional contact with plaintiff Castillo, and only then when Castillo called him by phone. Mr. Noyola further informed the Court that he had talked to Castillo by telephone and had informed Castillo of the Order requiring his personal presence at the hearing.[4] Accordingly, Castillo had actual knowledge of the Court's Order requiring him to personally appear.

Accordingly, the undersigned recommends that all claims filed by Castillo be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM**

---

[4] The plaintiff Ramos is apparently in custody in Humbolt, Texas on identity theft charges.

ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).

Signed July 2, 2014, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RTH
On:  7/2/2014
By:  MBD