U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

JUL 07 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Ramos, et al            Civil Action No. 12-00699

versus            Judge Richard T. Haik, Sr.

Conway, et al            Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion To Dismiss, Or Alternatively, For Summary Judgment filed by Defendants Jacqueline S. Conway, Canal Insurance Co. And Paul Conway d/b/a Conzone Trailways [Rec. Doc. 90] to dismiss all claims asserted in this action by Plaintiff, Jovany Diaz Ramos ("Plaintiff"). This action arises from a vehicular accident in which Plaintiff's vehicle collided with Defendants' semi-tractor and trailer allegedly causing injuries to Plaintiff and his passengers. *R. 35-1*. Defendants, who learned during the course of this litigation that Plaintiff brought this action using a false name, now move for the dismissal of the action, arguing that Plaintiff's use of a false name constitutes a fraud on the Court. Because Defendants cite evidence outside of the pleadings, the Court will consider this motion under Rule 56—a motion for summary judgment. For the reasons that follow, Defendants' Motion will be granted.

The fact that the motion is unopposed does not necessarily mean the movant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v.*

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to defendants' motion was June 17, 2014. *LR. 7.5*.

*Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem the movant's statements of uncontested material facts, *R. 90-2*, admitted for purposes of the motion. *Local Rule, LR 56.2W*.

Attached to Defendants' motion is the January 23, 2013 deposition of Plaintiff which includes a photograph and the Texas Driver's License of the deponent. *R. 90-3, Exh. A*. Also attached to Defendants' Motion and Statement of Material Facts, *R. 90-2*, is a February 13, 2014 booking photograph taken by the Harris County Sheriff's Office, of Wesehin Orobio-Delgado, the man purporting to be plaintiff, Jovany Diaz Ramos, in this case. *R. 90-4, Exh. B*. The record indicates that on April 25, 2014, in Harris County Texas, Wesehin Orobio-Delgado pled guilty to and was convicted of the felony crime of fraudulent use of identifying information, by unlawfully, with the intent to defraud and harm another, possessing and using the name, date of birth and social security number of Jovany Diaz Ramos without his consent. *R. 90-5, Exh. C*.

Although neither the Fifth Circuit nor the Louisiana Supreme Court have addressed this issue, the Eleventh Circuit, *Zocaras v. Castro*, 465 F.3d 479 (11th Cir.2006) and the Seventh Circuit, *Dotson v. Bravo*, 321 F.3d 663 (7th Cir.2003), have addressed similar situations.[2] Although not binding on this Court, they are persuasive in determining whether a trial court can dismiss a case with prejudice when a plaintiff files his/her complaint under a false name. In *Zocaras*, the plaintiff filed an excessive force § 1983 action against several arresting police officers for injuries he alleged he sustained when he was arrested. This lawsuit was filed under a false name—the same false name plaintiff gave when he was

---

[2] *See also Rodriguez v. Bollinger Gulf Repair*, 985 So.2d 305, 307 (La.App. 4 Cir.,2008) in which the Fourth Circuit Court of Appeal of Louisiana affirmed the trial court's dismissal of the plaintiff's case, stating that "deliberately filing a case under a false name certainly qualifies as flagrant contempt for the judicial process."

2

arrested. At some point in the litigation, it was uncovered that plaintiff filed the lawsuit using a false name; however, plaintiff still attempted to go forward with the case. In dismissing the case with prejudice, the Court stated:

> A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name. We sometimes speak of litigation as a search for the truth, but the parties ought not have to search for each other's true identity....
>
> * * *
>
> Because courts must be able to preserve the integrity of the judicial process, we have no hesitation in concluding that a party who files **5 suit under a false name and proceeds with that deception right up to trial loses the right to seek judicial relief for the claims he was advancing.

*Zocaras*, 465 F.3d at 484–485.

In *Dotson* the plaintiff brought a § 1983 suit against the city of Chicago and police alleging malicious prosecution and other state law claims. This lawsuit was also later dismissed with prejudice upon discovering that plaintiff had filed under a false name. As stated by the court:

> Filing a case under a false name deliberately, and without sufficient justification, qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying litigation. The instant case represents precisely the situation where one party's conduct so violates the judicial process that imposition of a harsh penalty is appropriate not only to reprimand the offender, but also to deter future parties from trampling upon the integrity of the court.

*Dotson*, 321 F.3d at 668.; see also *Prince v. Delaware County Bar Ass'n*, 1993 WL 141711, at *2 (E.D.Pa. May 3, 1993) (dismissing *pro se* plaintiff's civil rights action as sanction because "Plaintiff in the case at bar has filed this suit using a false name. This court finds that this conduct is the type that constitutes fraud on the court because it clearly tampers with the judicial machinery and subverts the integrity of the court itself.").

Based on the foregoing, the Court finds that Plaintiff has submitted false and malicious pleadings by using a false name in filing this action. This conduct so violates the

3

judicial process that imposition of a harsh penalty, as dismissing the case with prejudice, is appropriate. Plaintiff's list of egregious conduct includes: (1) filing a civil lawsuit under a false name; (2) lying under oath about his true name and birth date in a deposition taken on January 23, 2013, *R. 90-3*; (3) perpetrating a fraud on the Court in the proceedings involving the April 17, 2014 motion hearing, *R. 49, 51, 63, 68, 70*; and (4) pleading guilty to the felony crime of fraudulent use of identifying information of the real Jovany Diaz on April 25, 2014, *R. 90-5*. Because courts must be able to preserve the integrity of the judicial process, this Court finds that a party who files a suit under a false name and proceeds with that deception loses the right to seeks judicial relief for the claims he/she was advancing. Accordingly, the Court will grant motion for summary judgment and dismiss the claims of Plaintiff, Jovany Diaz Ramos.

U.S. District Judge Richard T. Haik, Sr.